# Exhibit 1

Brett Schreiber, Esq. (SBN 239707)
Meagan Verschueren, Esq. (SBN 313117)
Katie Llamas, Esq. (SBN 303983)
Singleton Schreiber, LLP
591 Camino de la Reina, Ste. 1025
San Diego, California 92108
Tel: (619) 771-3473
bschreiber@singletonschreiber.com
mverschueren@singletonschreiber.com
kllamas@singletonschreiber.com

Attorneys for Plaintiff JOHN ROE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| JOHN ROE,<br><br>PLAINTIFF,<br><br>v.<br><br>AIRBNB, INC., ALBERTO GIUSEPPE COPPOLA HERNANDEZ and DOES 1 through 50, inclusive,<br><br>DEFENDANTS. | Case No.: **'25CV1699 RSH BLM**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **NEGLIGENCE**<br>2. **INVASION OF PRIVACY**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>4. **PREMISES LIABILITY**<br>5. **DISTRIBUTION OF SEXUALLY EXPLIICT MATERIALS**<br>6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>7. **SEXUAL HARASSMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For their complaint and demand for trial by jury, PLAINTIFF alleges:

**VENUE**

1. Venue is proper in this subject Court and County because Defendant ALBERTO GIUSEPPE COPPOLA HERNANDEZ is a resident of San Diego County, the State of California.

2. All named defendants do business and conduct continuous and systematic activities in the State of California. Based upon information and belief, at all relevant times and currently, all named defendants own real property in the State of California.

# PLAINTIFF

3. Plaintiff JOHN ROE ("PLAINTIFF") is an individual adult residing in King County and the State of Washington during all times relevant.

4. Plaintiff's full legal name is being withheld to protect his identity under his California statutory and constitutional rights of privacy because this case involves intimate facts of his sexual body parts and exploitation and detailed facts of a sexual and intimate nature. Plaintiff proceeds under the pseudonym "JOHN ROE" and shall hereinafter be referred to as "PLAINTIFF" or "JOHN ROE."

# DEFENDANTS

5. Defendant AIRBNB, INC. (hereinafter "AIRBNB") is a for-profit corporation with its principal place of business in San Francisco, California and who was at all relevant times registered to do business and doing business in the State of California. At all relevant times, AIRBNB, INC. also conducted business throughout the United States and in Mexico.

6. Defendant ALBERTO GIUSEPPE COPPOLA HERNANDEZ ("HERNANDEZ") is a natural person who at all relevant times resided and resides in the County of San Diego, State of California.

7. AIRBNB, HERNANDEZ, and each DOE Defendant, are jointly referred to herein as "Defendants".

8. PLAINTIFF is informed and believes and thereon alleges that the true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOE 1 through DOE 50, inclusive, are currently unknown to PLAINTIFF, who therefore sues each DOE by such fictitious names, and who will amend the Complaint to show their true names and capacities when such names have been ascertained. PLAINTIFF is informed and believes and thereon alleges that DOE defendants are legally responsible in some manner for the events, happenings and/or tortious and unlawful conduct that caused the injuries and damages alleged in this Complaint.

9. The true names, identities, or capacities, whether individual, associate, successor in-interest to, corporate, or otherwise, of Defendants DOES 1 through 50, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true

names, identities, or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this complaint to assert their true names, identities, and capacities, together with the proper charging allegations.

10. Each of the Defendants designated herein as a DOE is responsible, in some manner, for the events and happenings herein, thereby legally causing the injuries and damages to Plaintiff as more thoroughly alleged below.

11. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, each Defendant was the agent, representative, and/or employee of each other Defendant. In doing the wrongful acts and inactions hereinafter alleged, each Defendant was acting within the course and scope of said alternative personality, capacity, identity, agency, representation, and/or employment with each other defendant and were within the scope of their authority, whether actual or apparent. At all times relevant, Defendant AIRBNB and DOES 1 through 50, knew or should have known about Defendant HERNANDEZ's sexual harassment, invasion of privacy, negligence, cameras in bathrooms, illegal recordings, nude recordings and wrongful conduct at the subject Airbnb rental property where HERNANDEZ had the cameras and recorded Plaintiff and caused the injuries and damages alleged herein. Defendant AIRBNB allowed, facilitated, failed to have proper policies and procedures, and were negligent in inspecting the subject property and responding to reports such that it and DOES 1 through 50, and each of them, thereby caused the subject incidents and harm to Plaintiff alleged herein. Defendants AIRBNB and DOES 1 through 50 were acting as agents of Defendant HERNANDEZ and of each other such that each are therefore vicariously liable for the actions of each other Defendant.

12. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, Defendants were the trustees, partners, joint venturers, shareholders, contractors, or employees of each other Defendant and the acts and omissions herein alleged were done by them, acting individually through such capacity, within the course and scope of their authority in each position, with the permission and consent of each

other Defendant, at the direction or each other defendant, and whose conduct was thereafter ratified by each other Defendant. Accordingly, each of them is jointly and severally liable to Plaintiff.

13. Wherever appearing in this Complaint, each reference to "Defendants" shall be deemed to include all Defendants, including all fictitiously named defendants.

## FACTUAL ALLEGATIONS

14. At all times relevant, Defendant HERNANDEZ owned a house located at Lot Number 44-A, Block 2, Tourism Santa Carmela, Cabo San Lucas, Baja California Sur, Mexico ("SUBJECT HOUSE") which was and is advertised and offered to the public for rent by Defendant AIRBNB.

15. At all relevant times, the SUBJECT HOUSE is/was advertised and offered to the public for rent through AIRBNB's website and application through which it could be viewed, reviewed, chosen, reserved, rented, complained about, paid for, cancelled, reimbursed for, and questions could be asked and answered.

16. AIRBNB is a company that provides an online platform offering properties for rent and brokering rentals between parties who wish to offer their properties for rent with parties who wish to rent the properties.

17. At all relevant times, AIRBNB held itself out to the public and Plaintiff as managing, controlling, inspecting, and leasing out the SUBJECT HOUSE and property as its rental property.

18. Hosts seeking to offer their property for rent by partnering with AIRBNB must get permission from AIRBNB and create an online profile for the property and/or accommodations, providing details as to the specific rental property, and ask to list the property on the AIRBNB website. AIRBNB retains control over the homes, including the SUBJECT HOUSE, to ensure it is safe to rent, meets safety standards and laws, undergoes and passes certain inspections, and that the homes will not be used to unlawfully and harmfully record guests and invade the privacy of guests and their bodies.

19. At all relevant times, AIBNB advertised that homes, including the SUBJECT HOUSE, that it lists for rent were approved by it and that it retained control over the home. AIRBNB represents that the homes it lists meet safety and security standards.

20. AIRBNB acts as a broker, allowing guests seeking to rent a property to conduct a search on AIRBNB's website and view the profile created by hosts, securing the rental between hosts and guests, and collecting payment from guests. AIRBNB maintains control over communications between owners and guests, monitors communications about properties through reporting procedures and reviews, and retains control to inspect homes that it lists.

21. AIRBNB collects fees from the total rental payment and remits the remainder of the payment to hosts/owners.

22. Contrary to its public statements, AIRBNB fails, and at all relevant times herein, failed to conduct meaningful background checks on hosts, and/or vet hosts or properties to ensure that the rental properties are accurately represented in the host's profile and/or safe and hospitable.

23. At all relevant times Defendant HERNANDEZ and DOES 1 through 50 are and were the owners of the SUBJECT HOUSE. At all relevant times, Defendant HERNANDEZ installed, activated, and/or used hidden cameras throughout the SUBJECT HOUSE to spy on, record, watch, and sexually harass guests, including but not limited to PLAINTIFF.

24. At all times relevant, Defendant HERNANDEZ and DOES 1 through 50, and each of them, operated each video camera at the SUBJECT HOUSE, downloaded and uploaded video images of PLAINTIFF, including nude and partially nude photographic and video images, spied on PLAINTIFF without his knowledge through a camera in the bathroom, and based upon information and belief, shared videos and images of PLAINTIFF's body with others and each DOE DEFENDANTS.

25. At all times relevant, Defendant AIRBNB knew or should have known about the hidden camera installed in the bathroom because it was installed before PLAINTIFF rented the SUBJECT HOME and was identifiable and detectable upon reasonable inspection.

26. Defendants offered the SUBJECT HOUSE for rental to third-parties, including Plaintiff through AIRBNB's online property rental website. No cameras were disclosed, let alone any cameras in the bathroom or other private areas of the home. Plaintiff saw the rental advertisement on AIRBNB for the SUBJECT HOUSE and read the representations made about the home and the safety thereof. Plaintiff relied on all of DEFENDANTS' representations about the SUBJECT

5
**COMPLAINT FOR DAMAGES**

1  HOUSE when he chose to rent the subject house from July 4, 2024 through July 13, 2024.

2  27. PLAINTIFF rented the SUBJECT HOUSE from July 4, 2024 to July 13, 2024, and the entire transaction, from beginning to end, was done through AIRBNB.

28. The DEFENDANTS never disclosed that they were secretly recording PLAINTIFF through a hidden camera in the bathroom of the SUBJECT HOUSE; or, that any cameras existed, let alone hidden cameras in the bathroom.

29. Unbeknownst to PLAINTIFF, Defendants had a hidden video camera in the bathroom and other cameras in several places of the property only known to Defendants.

30. AIRBNB collected payment from PLAINTIFF for the subject rental of the SUBJECT HOUSE.

31. Payment was processed by AIRBNB, which in turn extracted its fees and paid the remaining balance to HERNANDEZ and in exchange PLAINTIFF received exclusive occupancy rights to the SUBJECT HOUSE for the rental period.

32. Any complaints about the stay were to be placed through and to AIRBNB and based upon information and belief, AIRBNB received prior complaints about the SUBJECT HOUSE.

33. AIRBNB provided PLAINTIFF with a receipt and proof of payment made to AIRBNB related to the subject stay at the SUBJECT HOUSE.

34. The identification verification process for Defendant HERNANDEZ, DOES 1 through 50, and PLAINTIFF was done by AIRBNB through the AIRBNB application/website.

35. During his stay, PLAINTIFF used the subject bathroom at the SUBJECT HOUSE to urinate, defecate, shower and change his clothes. PLAINTIFF was nude in the bathroom on several occasions. After being nude in the bathroom on several occasions, PLAINTIFF discovered a small hidden bathroom camera attached to the mirror in a location that would have viewed him in the nude on several occasions.

36. Based upon information and belief, complaints about similar incidents had been made to AIRBNB about Defendant HERNANDEZ, the SUBJECT HOUSE, and other homes that AIRBNB listed on its website before PLAINTIFF rented the SUBJECT HOUSE.

37. Prior, during, and after PLAINTIFF'S stay at the SUBJECT HOUSE, AIRBNB knew or

should have known due to various complaints that HERNANDEZ was clandestinely recording guests through hidden video cameras and disseminating the videos to others. Despite such complaints, AIRBNB allowed HERNANDEZ to continue advertising and renting the SUBJECT HOUSE through AIRBNB's application.

38. AIRBNB knew at all relevant times and before PLAINTIFF rented the SUBJECT HOUSE that several homeowners and hosts that listed homes on AIRBNB unlawfully and/or wrongfully installed cameras inside the homes to unlawfully and/or record and did so record guests so as to invade their rights to privacy and visually sexually harass them. AIRBNB has received numerous complaints and reports about the same but failed to take any action to prevent the known harmful acts and harassment at the homes it was renting to members of the public and United States citizens in particular.

39. AIRBNB knew and should have known, had they exercised any due diligence or reasonable actions to inspect the SUBJECT HOUSE before PLAINTIFF rented it that Defendants had video cameras in the bathroom.

40. PLAINTIFF was secretly video recorded by HERNANDEZ and Defendants while he was a guest at the SUBJECT HOUSE and while he was undressing, dressing, nude, semi-nude, using the restroom, and while using the bathroom and shower.

41. After discovering the unlawful and hidden video recording device in the bathroom at the SUBJECT HOUSE, PLAINTIFF reported it to AIRBNB.  AIRBNB claimed that they would investigate the incident and thereafter acknowledged the wrongful conduct. Based upon information and belief, AIRBNB failed to properly investigate the incident and instead chose to later continue to rent properties for Defendants.

42. Based upon information and belief, AIRBNB continues to cover up hidden camera incidents at the properties that they rent and at all relevant times failed to and continue to fail to enact policies and procedures that could and would prevent such unlawful and wrongful conduct and harm to occur at the properties that they rent to members of the public.

/ / /

/ / /

# FIRST CAUSE OF ACTION

## NEGLIGENCE AND GROSS NEGLIGENCE

### (As to all DEFENDANTS)

43. PLAINTIFF alleges that the DEFENDANTS were negligent and grossly negligent, that such negligence and gross negligence harmed him, and re-alleges and incorporates Paragraphs 1 through 36 above by reference, as if fully set forth herein.

44. Defendants, and each of them, owed a duty to PLAINTIFF to use reasonable care to avoid causing injury to PLAINTIFF.

45. Gross negligence is either a want or even a scant care or an extreme departure from the ordinary standard of conduct. *City of Santa Barbara v. Superior Court* (2007) 41 Cal. 4th 747, 754. Gross negligence is plead by alleging the traditional elements of negligence and extreme departure and/or extreme conduct on the part of the defendant. *Rosecrans v. Dover Images, Ltd.* (2011) 192 Cal. App. 4th 1072, 1082.

46. Defendants, and each of them, breached their duty of care to PLAINTIFF and were negligent and grossly negligent when they failed to use reasonable care and any care to avoid violating Plaintiff's right to privacy and to avoid Defendants unlawfully and wrongfully recording Plaintiff's nude body and sexually harassing Plaintiff. Defendants failed to use any care to ensure that no cameras existed on the property that were not disclosed to PLAINTIFF, that no cameras existed at the property and SUBJECT HOUSE that would record PLAINTIFF without his knowledge, that no cameras or recording devices were installed in bathrooms or bedrooms at the SUBJECT HOUSE and recording PLAINTIFF, and that photographs and/or video of Plaintiff's nude body would not be recorded, shown, seen, kept, and/or distributed.

47. At all times relevant, Defendants failed to use reasonable care or any care to avoid injuring and causing damages to PLAINTIFF when they allowed cameras to be installed and remain in the bathroom at the SUBJECT HOUSE that Defendants' rented to PLAINTIFF and recorded and allowed PLAINTIFF to be recorded while nude and without PLAINTIFF's permission. Defendants' negligent and grossly negligent conduct directly and proximately caused, and was a substantial factor in causing, significant extreme emotional distress, physical reactions, social and

psychiatric harm to Plaintiff at all times alleged herein, and from July 4, 2024 through July 13, 2024 and since.

48. The conduct of HERNANDEZ was willful and malicious, and the conduct of all Defendants was done with the lack of any care and in an extreme departure from what a reasonable careful person or entity would do in the same situation to prevent and to refrain from causing harm to PLAINTIFF, including his rights, safety, and sense of decency.

49. AIRBNB's conduct was grossly negligent, an extreme departure from the ordinary standard of conduct, in allowing HERNANDEZ to advertise and rent the SUBJECT HOUSE through its application despite knowledge or notice of complaints about HERNANDEZ, DOES 1 through 50, and others recording guests while undressing, dressing, nude or semi-nude while using the bathroom and shower, and without any proper or reasonable inspection.

50. Ratification will impose liability on an entity whose employees or agents engage in tortious conduct, including sexual misconduct. (*C.R. v. Tenet Healthcare Corp.*, (2009) 169 Cal. App. 4th 1094, 1111-1112.) Here, Defendants acted as agents and/or employees of one another, and PLAINTIFF incorporates all paragraphs consistent with his allegation of ratification as if fully set forth herein.

51. AIRBNB ratified the conduct of HERNANDEZ and DOES 1 through 50 because AIRBNB failed to suspend its AIRBNB account and the advertising related to the SUBJECT HOUSE upon being put on notice or knowledge about the cameras and recordings. AIRBNB also either inspected the SUBJECT HOUSE and saw the cameras or should have seen the cameras upon reasonable inspection but continued to rent the property to PLAINTIFF despite its knowledge, notice and what it should have known. Instead of suspending their AIRBNB account, AIRBNB allowed PLAINTIFF to view the property, reserve it, pay for the stay, and gain access to it through its application/wesbite despite the almost certainty that HERNANDEZ would be recording PLAINTIFF while undressing, dressing, nude or semi-nude while using the bathroom and shower.

52. As a direct, proximate and legal result of the wrongful acts and omissions of the Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and

severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

53. As a direct, proximate and legal result of the wrongful acts and omissions of the defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

54. In committing the wrongful and egregious acts described herein, Defendant HERNANDEZ acted with malice, oppression and fraud, justifying an award of punitive damages against Defendant HERNANDEZ.

## SECOND CAUSE OF ACTION

## INVASION OF PRIVACY

## (As to All DEFENDANTS)

55. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 48 as if fully set forth herein.

56. PLAINTIFF had a reasonable expectation that he would not be filmed against his consent while at the SUBJECT HOUSE.

57. At all times relevant, Defendants, by and through their employees and agents and one another, and themselves, intentionally intruded and wrongfully filmed PLAINTIFF in various states of nudity and undress, while using the bathroom and shower. Defendants then shared the videos with others and DOE Defendants. This was particularly harmful because PLAINTIFF was recorded while engaged in the subject bathroom, shower and toilet conduct that required him to be partially clothed and at times fully nude with his genitals showing to the camera.

58. At all times relevant, the Defendants' intrusions into PLAINTIFF's privacy were highly offensive and would be highly offensive to a reasonable person. At all times relevant, the violation of privacy of PLAINTIFF by recording him and recording him nude in a private place that was rented to him constituted an egregious breach of social norms.

59. As a direct, proximate and legal result of the wrongful invasions of privacy of the Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

60. As a direct, proximate and legal result of the wrongful invasions of privacy of the defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

61. In committing the wrongful and egregious invasions of privacy described herein, Defendant HERNANDEZ acted with malice, oppression and fraud, justifying an award of punitive damages against Defendant HERNANDEZ.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As to all DEFENDANTS)

62. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 55 as if fully set forth herein.

63. The conduct of the DEFENDANTS alleged herein in viewing PLAINTIFF's naked body without his consent, spying on him, watching him use the restroom and shower, and sexually harassing him, all caused him to suffer severe emotional distress.

64. DEFENDANTS, and each of them, were responsible for ensuring that all people, including PLAINTIFF, renting the SUBJECT HOUSE were safe on the premises and ensure the highest level of dignity by not spying and recording them, and by taking reasonable steps to ensure a safe environment, and by exercising reasonable care in appointing, retaining, and supervising all representatives, employees, agents, and members involved in renting and providing services at the SUBJECT HOUSE. That duty and responsibility included taking action to stop known conduct

and/or harmful conduct that was likely to occur.

65. The conduct of HERNANDEZ was extreme and outrageous. His wrongful and unlawful acts offended a reasonable sense of PLAINTIFFs personal dignity and were so extreme as to exceed all bounds of conduct deemed acceptable and tolerable in a civilized community. At all times relevant, HERNANDEZ acted by and through, and with the assistance of and ratification of all other Defendants.

66. The conduct of Defendants alleged herein was intended to cause, or with reckless disregard of the certain probability of causing, PLAINTIFF to suffer severe emotional distress.

67. The conduct of AIRBNB including allowing HERNANDEZ to continue advertising and renting the SUBJECT HOUSE through its application despite knowledge or notice of complaints about HERNANDEZ and/or the cameras in the home that he was recording guests who used the bathroom and shower while undressing, dressing, nude, or semi-nude, and AIRBNB's ratification of that conduct left PLAINTIFF in harm's way and risk of exploitation. Defendants' conduct was outrageous.

68. Defendants, including AIBNB, knew that there was a high probability that PLAINTIFF would suffer emotional distress as a result of staying at the home and being recorded while nude in the bathroom, and being recorded without his consent in general.

69. The Defendants' conduct was extreme and outrageous and was done with the intention of causing, or in reckless disregard of the certain probability of causing, PLAINTIFF to suffer severe and extreme emotional distress.

70. As a direct and proximate result of DEFENDANTS conduct, PLAINTIFF suffered, and will continue to suffer, extreme psychological harm and severe emotional distress.

71. In committing the wrongful and egregious actions described herein, Defendant HERNANDEZ acted with malice, oppression and fraud, justifying an award of punitive damages against Defendant HERNANDEZ.

/ / /

/ / /

## FOURTH CAUSE OF ACTION

## PREMISES LIABILITY

**(**As to all **DEFENDANTS)**

72. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 65 as if fully set forth herein.

73. DEFENDANTS were negligent in that they failed to use reasonable care in keeping the SUBJECT HOUSE in a reasonably safe condition; they owned, managed, operated, rented, and/or controlled the subject property and SUBJECT HOUSE.

74. At all times relevant, DEFENDANTS had a duty to discover any unsafe conditions and give adequate warning of a condition that could be reasonably expected to harm others.

75. DEFENDANTS knew or should have known, that HERNANDEZ had a propensity to act in a sexually deviant nature and that there were hidden cameras at the SUBJECT HOUSE that were being used by HERNANDEZ to satisfy his sick sexual urges, but DEFENDANTS failed to take adequate precautions to protect the public, including PLAINTIFF.

76. Defendants had a duty to make reasonable inspections of the homes that they managed, controlled, operated, rented out, and/or owned to reasonably prevent and/or warn about dangerous conditions. Defendants failed to make reasonable inspections and failed to keep the SUBJECT HOUSE in a reasonably safe condition when they allowed hidden cameras to exist in the home and for Defendants to record guests, including Plaintiff, without their consent and while such guests were nude.

77. As a direct, proximate and legal result of the wrongful actions and inactions of the Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

78. As a direct, proximate and legal result of the wrongful actions and inactions of the defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like

expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

## FIFTH CAUSE OF ACTION

### DISTRIBUTION OF SEXUALLY EXPLICIT MATERIALS

**(As to HERNANDEZ and All DOE DEFENDANTS)**

79. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 72 as if fully set forth herein.

80. PLAINTIFF believes and is informed, and thereupon alleges that HERNANDEZ and each DOE Defendant, intentionally distributed explicit videos and/or photographs of PLAINTIFF nude and/or of his intimate body parts captured from hidden cameras without the consent of the PLAINTIFF.

81. Defendants knew or reasonably should have known that PLAINTIFF did not consent to being recorded nude and that PLAINTIFF had a reasonable expectation that any nude moments and/or recordings would remain private.

82. As a direct result of the distribution of sexually explicit material, Plaintiff was harmed as alleged more thoroughly above and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

83. The conduct of HERNANDEZ and each DOE Defendant was willful, malicious, and with the intent to harm the PLAINTIFF, and in conscious disregard of the PLAINTIFF's rights and safety, and the conduct of each Defendant constitutes malice and oppression under California Civil Code §3294. The PLAINTIFF is therefore entitled to recover punitive damages against each Defendant, in an amount determined by the Court.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(As to all DEFENDANTS)**

84. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 77 as if fully set forth herein.

85. DEFENDANTS, and each of them, were responsible for ensuring that all people, including PLAINTIFF, renting the SUBJECT HOUSE were safe on the premises and ensure the highest level of dignity by not spying and recording them, and by taking reasonable steps to ensure a safe environment, and by exercising reasonable care in appointing, retaining, and supervising all representatives, employees, agents, and members involved in renting and providing services at the SUBJECT HOUSE.

86. By and through their wrongful conduct alleged herein, Defendants breached their duties to use reasonable care and were negligent.

87. As a direct and proximate result of Defendants' negligence, PLAINTIFF sustained severe emotional distress, loss of enjoyment of life, inconvenience, mantal anguish, embarrassment, humiliation, and other damages to be proven at trial.

88. PLAINTIFF's emotional distress was extremely severe in nature.

89. These losses are either permanent or continuing in nature and PLAINTIFF will suffer them in the future.

## SEVENTH CAUSE OF ACTION

## SEXUAL HARASSMENT

## (As to all DEFENDANTS)

90. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 83 as if fully set forth herein.

91. DEFENDANTS held a professional service-based relationship with PLAINTIFF and engaged in sexually motivated misconduct by recording PLAINTIFF while he was nude without his consent. At all relevant times, Defendants sexually harassed PLAINTIFF.

92. AIRBNB is a company that provides an online platform offering properties for rent and brokering rentals between parties who wish to offer their properties for rent with parties who wish to rent the properties. AIRBNB holds itself out as an entity that controls the properties and that is in control of the rental of the property. AIRBNB and Defendants advertised the SUBJECT HOUSE to PLAINTIFF and offered to lease/rent the SUBJECT HOUSE to PLAINTIFF and did so lease/rent it to PLAINTIFF. Defendants were in a business and professional relationship with

PLAINTIFF as leasee and leasor and/or renter and rentor.

93. At all relevant times Defendants engaged in visual and physical conduct of a sexual and hostile nature based on PLAINTIFF's gender and/or sex. Defendants spied on, viewed without consent, watched, and recorded PLAINTIFF's nude body and genitals and buttocks without his consent.

94. PLAINTIFF was secretly viewed and video recorded by Defendants while he was a guest at the SUBJECT HOUSE and while he was undressing, dressing, nude, semi-nude while using the bathroom and shower. Defendants' conduct was unwelcome, pervasive over several days, and severe.

95. As a direct, proximate and legal result of the wrongful actions and inactions of the Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

96. As a direct, proximate and legal result of the wrongful actions and inactions of the defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

97. As a direct result of the sexual harassment described above, PLAINTIFF has suffered and will suffer violations of his constitutional right to privacy and personal injuries described herein.

### **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, and the following relief as follows:

1. For general and compensatory damages in an amount according to proof at trial;

2. For special damages in an amount according to proof at trial;

3. For costs of litigation and expert costs;

4. For punitive damages against Defendant HERNANDEZ as to Causes of Action One through Three and Five only;

5. For attorneys fees per statute against Defendant HERNANDEZ as to Causes of Action Five only;

6. For interest and prejudgment interest at the legal rate of 10% or an amount allowed by this Court; and,

7. For such other and further relief as the Court deems proper and just under all the circumstances.

**DEMAND FOR TRIAL**

PLAINTIFF hereby demands a trial by jury in this matter.

Dated: July 2, 2025

SINGLETON SCHREIBER, LLP

By: _____
Brett Schreiber, Esq.
Meagan Verschueren, Esq.
Katie Llamas, Esq.
Attorneys for PLAINTIFF