1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN ROE,

               PLAINTIFF,

       v.

AIRBNB, INC., ALBERTO GIUSEPPE
COPPOLA HERNANDEZ and DOES 1
through 50, inclusive,

               DEFENDANTS.

Case No.: 3:25-cv-01699-RSH-BLM

**ORDER GRANTING MOTION FOR
PROTECTIVE ORDER REGARDING
DISCLOSURE OF CONFIDENTIAL
INFORMATION**

Plaintiff John Roe and Defendant Alberto Giuseppe Coppola Hernandez (together the "Parties") agree that discovery in this Action could involve production of confidential, proprietary, or private information for which special protection may be warranted.

Accordingly, the Parties stipulate and agree, subject to approval of the Court, to enter the following Protective Order. The Parties acknowledge that this Order is consistent with the Federal Rule of Civil Procedure. The Parties acknowledge and agree that this Protective Order does not confer blanket protection on all disclosures or responses to

1

discovery; and the protection it affords from public disclosure and use extends only to limited information or items entitled to confidential treatment under applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## I.     PURPOSES, LIMITATIONS, AND DEFINITIONS

Discovery in this action could involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate and ask the Court to enter the following Stipulated Protective Order.

**A. As used in this Protective Order, the following definitions shall apply:**

1. "Action" means *John Roe v. Airbnb, Inc., et al,* case number 3:25-cv-01699-RSH-BLM, presently pending in the U.S. District Court – Southern District of California.

2. "Party" means any party named in this Action that has not been dismissed.

3. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

4. "Counsel of Record" means any attorneys representing a Party.

5. "Plaintiff's Identity" means Plaintiff's personally identifiable information, including: [1] names and aliases used by Plaintiff at any time; [2] Plaintiff's date of birth; [3] Plaintiff's social security number; [4] Plaintiff's current and prior residential address; [5] Plaintiff's personal and home phone numbers and social media or online user accounts; [6] Plaintiff's physical description, including weight, hair color, eye color, ethnicity, tattoos, piercings; [7] Videos, photographs, or other depictions of Plaintiff; and [8] the

2

names of Plaintiff's parents, siblings, children, and spouse, if any.

6. "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things reflecting: [1] potentially sensitive personal identifying numbers and financial information, including but not limited to social security numbers, credit card information, bank account information, and financial account numbers and amounts; [2] names and identifying information of Non-party witnesses [3] any trade secret or proprietary information; [4] medical records including but not limited to psychiatric or psychological medical records; and [5] any material prohibited from disclosure by statute, caselaw or Court Order that is nonetheless discoverable. "Confidential Information" does not include "Plaintiff's Identity" which is separately addressed in Section IV.

7. "Designating Party" means a Party or Non-Party that designates and marks information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

8. "Receiving Party" refers to a Party or Non-Party to which information or items containing Confidential Information has been produced to by a Designating Party.

9. "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

10. "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees,

3

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

11. "In-House Counsel" means Attorneys and their support staff who are employees of a Party.

12. "Coordination Counsel" means Attorneys and their support staff currently litigating, have litigated, or will litigate similar actions arising out of sexual assault and/or harassment against Defendants..

13. "Counsel" (without qualifier) means Outside Counsel, In-House Counsel, and Coordination Counsel (as well as their support staff).

14. "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

15. "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

16. "Protected Material" means any Discovery Material that is or has Confidential Information that is designated "CONFIDENTIAL" as provided for in this Protective Order.

17. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit and his or her employees, or staff, who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

4

18.    "Professional Vendors" means persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

**II.    SCOPE**

A.    The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also [1] any information copied or extracted from Protected Material; [2] all copies, excerpts, summaries, or compilations of Confidential Information and Protected Material; and [3] any testimony, conversations, or presentations by Parties or their Counsel that may reveal Protected Material.

B.    The protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

C.    This Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

D.    To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

E.     To the extent a Party independently learns, obtains, or acquires Confidential Information or information regarding Plaintiff's identity, such information is subject to the terms of this Protective Order and the Party shall not share that material with any Non-Party, absent express written permission from the subject Party, unless in conformance with this Protective Order.

**III.    ACCESS TO AND USE OF PROTECTED MATERIAL, AND FILING PROTECTED MATERIAL**

A.     Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.     Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose Protected Material to:

1.     Any of the Receiving Party's Counsel of Record in this action, including their employees;

2.     Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, or for coordination purposes;

3.     The current officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to litigate any claims or defenses and whom are bound by this Protective Order;

4.     Former officers, directors, and employees (including In-House Counsel) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound"

6

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

(hereinafter "Exhibit A");

5.      Experts, investigators, contractors, consultants, and Coordination Counsel to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

6.      The Court and Court personnel;

7.      Court reporters, recorders, and videographers engaged for depositions and/or trial;

8.      Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A and is instructed to immediately return all originals and copies of any Protected Material;

9.      During a Non-Party deposition, any Non-Party deponent, and the Non-Party deponent's counsel, if any, may be shown Protected Material so long as the Non-Party deponent, and the Non-Party deponent's counsel, execute Exhibit A. Neither the Non-Party deponent nor the Non-Party deponent's counsel may retain any documents containing Protected Material upon termination of the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

10.     Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

11.     Insurers for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

asserted in this dispute and who have signed exhibit A;

12.    Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute Exhibit A.

C.    Before filing Protected Material or discussing or referencing Protected Material in court filings, the filing party shall confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific Confidential Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Any Party seeking to file Protected Material in court filings for any purpose whom has not previously challenged or obtained court order against the designation of Confidential, must redact Confidential Information from the materials and/or move to seal the Protected Material as outlined above.

**IV.    ACCESSING AND USE OF PLAINTIFF'S IDENTITY**

A.    During all proceedings in this litigation and in any public filing, the Parties must either redact Plaintiff's Identity or use the pseudonym "John Roe" in place of Plaintiff's Identity.

B.    Nothing in this Order shall prevent any Party from seeking further protections for the trial or litigation of this Action. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff, such as, but not limited to, any

8

medical, educational, or other information. Relatedly, nothing in this Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff intends to rely upon at trial. The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise except that Plaintiff's identity must not be publicly disclosed in association with the subject Action, incident, litigation, or trial.

C.      Access to Plaintiff's Identity shall be limited to, and only to, the following:

1.      The Parties as defined in Section 1(B)(2);

2.      Any Counsel of Record for the Parties, retained specifically for this action and employees, agents, and representatives of Counsel of Record as needed to litigate any claims or defenses;

3.      Law enforcement agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses or to comply with any Party's discovery obligations or requirement;

4.      Any witness, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this action will have access to Plaintiff's name and photographs only, and who executes Exhibit A;

5.      Counsel retained specifically for this action and employees, agents, and representatives of Counsel as needed to litigate any claims or defenses;

6.      Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

7.      Insurers for any of the Parties, including coverage counsel for the insurers,

who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute and who have signed exhibit A;

8.      The Court and Court personnel;

9.      Court reporters, recorders, and videographers engaged for depositions;

10.     Any custodian of records;

11.     Any Expert, consultant, or investigator retained by the Parties, their Counsel of Record, or Outside Counsel specifically in connection with this Action and who have signed Exhibit A;

4.      Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A;

5.      Government agencies and agency personnel, but only to the extent that the disclosure of Confidential Information is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

6.      Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute Exhibit A.


V.      **DESIGNATING PROTECTED MATERIAL**

A.      Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or

10

communications for which protection is not warranted are not swept unjustifiably within the ambit of this Agreement.

B.      Mass, indiscriminate, or routinized designations are strictly prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

C.      If a Designating Party learns that information or items designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

D.      Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, disclosure of documents and things that qualify for protection under this Protective Order must be clearly designated before production.

E.      For information produced in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL" to each page that contains confidential material. Documents produced in native electronic format (such as Microsoft Excel files) shall have a confidentiality designation affixed to the file name of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

F.     Regarding testimony given in a deposition or in other pretrial proceedings, the Parties and any participating Non-Party must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL." If a Party or Non-Party desires to protect Confidential Information at trial, the issue should be addressed during the pre-trial conference.

G.     When producing other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

H.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Agreement.

## VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.     Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

12

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

1   or a significant disruption or delay of the litigation, a Party does not waive its right to

2   challenge a confidentiality designation by electing not to mount a challenge promptly after

3   the original designation is disclosed.

4       B.      Any challenge to a designation of the Designating Party's Protected Material

5   shall be written and identify, with particularity, the documents or information that the

6

7   Receiving Party contends should be differently designated. It shall also state the grounds

8   for the challenge.

9       C.      The Parties must make every attempt to resolve any dispute regarding

10  confidential designations without the Court's involvement. Any motion regarding

11  confidential designations or for a protective order must include a certification, in the

12

13  motion or in a declaration or affidavit, that the movant has engaged in a good faith meet

14  and confer conference with other affected parties in an effort to resolve the dispute

15

16  without court action. The certification must list the date, manner, and participants to the

17  conference. A good faith effort to confer requires a face-to-face meeting or a telephone

18  conference.

19      D.      If the Parties cannot resolve a challenge without court intervention, the

20

21  Designating Party may file and serve a motion to retain confidentiality or a motion for

22  protective order. The burden of persuasion in any such motion shall be on the Designating

23  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or

24

25  impose unnecessary expenses and burdens on other parties) may expose the challenging

26  party to sanctions. If the Designating Party refuses to bring such a motion, the Receiving

27  Party may move to compel further response without such designation or to uphold the

28

13

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

terms of this Order and request sanctions. All Parties shall continue to maintain the material in question as confidential until one of the following occurs: [1] the Designating Party withdraws such designation in writing; [2] or the Court rules that the disputed material is not entitled to the designation and must be produced without it.

### VII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," the subpoenaed or otherwise ordered Party must:

1.      Redact Plaintiff's Identity or use the pseudonym "John Roe" in place of Plaintiff's Identity;

2.      Promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

3.      Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

4.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected to the extent able under the law.

B.      Nothing in this Agreement shall inhibit, prevent, preclude or interfere with full cooperation with law enforcement at any time.

14

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

## VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately [1] notify in writing the Designating Party of the unauthorized disclosures; [2] use its best efforts to retrieve all unauthorized copies of the Protected Material; [3] inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and [4] request that such person or persons execute Exhibit A.

B.   Any intentional or reckless unauthorized disclosure is subject to appropriate sanctions by the Court.

## IX.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

1. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection under this Order, the Parties must meet and confer about the same.  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order in such circumstances.

B.   Upon discovery of an inadvertent disclosure, the Producing Party has thirty (30) days to notify the Receiving Parties of that discovery, in writing, asserting attorney-client privilege, work product protection, or other applicable privilege or protection with respect to the inadvertently disclosed materials.

15

C.      The Receiving Parties must, unless they contest the claim of privilege or protection in accordance with this Protective Order or applicable laws, do the following: [1] return, delete, or destroy all copies of the inadvertently disclosed material(s); and [2] provide a certification that all materials were destroyed or returned.

**X.      NON-TERMINATION AND RETURN OF DOCUMENTS**

A.      Within sixty (60) days after the Final Disposition of this case, each Party shall return all Protected Material to the Designating Party's Counsel or destroy such Protected Material, at the option of the Designating Party.

B.      All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Counsel or destroyed. Notwithstanding the foregoing, Counsel for each Party may retain the following documents:

1.      All documents filed with the court, including but not limited to, pleadings, briefs, memoranda, motions;

2.      All trial, hearing, and deposition transcripts, including exhibits; and

3.      Correspondence, attorney work product, expert reports, and consultant and expert work product, even if such materials contain confidential material.

C.      The confidentiality obligations imposed by this Agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

This Stipulation and Protective Order may be executed in counterparts.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

PRESENTED BY:

16

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

Dated: February 24, 2026        SINGLETON SCHREIBER, LLP

                        By:    /s/ Meagan Verschueren

                               Meagan L. Verschueren Esq.

                               Attorney for Plaintiff John Roe


Dated: February 24, 2026        WINGERT GREBING BRUBAKER & WALSHOK

                        By:    /s/   Alan Brubaker

                               Alan K. Brubaker, Esq.

                               Attorney for Defendant Alberto Guiseppe

                               Coppola Hernandez

## ORDER

The Terms of the Stipulated Protective Order are hereby approved and adopted.

**IT IS SO ORDERED.**

Dated:  2/25/2026

Hon. Barbara L. Major
United States Magistrate Judge

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the parties on _____ in the case of John Roe v Airbnb, Inc., et al, Case No. 3:25-cv-01699-RSH-BLM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the San Diego Superior Court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.


Date: _____          _____
                                        Printed Name

                                        _____
                                        Signature

                                        _____
                                        City and State where sworn and signed

PROTECTIVE ORDER REGARDING DISCLOSURES OF
CONFIDENTIAL INFORMATION
3:25-CV-01699-RSH-BLM